McLeod v. Mickle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand nineteen.

**PRESENT:**
> **ROBERT D. SACK,**
> **REENA RAGGI,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.*

_____

**Thomas McLeod,**

> *Plaintiff-Appellant*,

> v.                                                          18-1272

**William Mickle, Special Agent, United States Forest Service, Barry Stokes, Law Enforcement Officer, United States Forest Service**,

> *Defendants-Appellees*,

**Two Unknown Forest Service Law Enforcement Officers, One Unknown Rutland County Sheriff's Deputy,**

> *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**               THOMAS MCLEOD, pro se, Montpelier, VT.

**FOR DEFENDANTS-APPELLEES:**
                                          WEILI J. SHAW (Barbara L. Herwig, *on the brief*) Attorneys, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC; Christina E. Nolan, United States Attorney for the District of Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on February 26, 2018, is **VACATED** and **REMANDED**.

Plaintiff-Appellant Thomas McLeod, proceeding pro se, appeals from the district court's judgment dismissing McLeod's suit against Defendant-Appellee Barry Stokes, a U.S. Forest Service ("Forest Service") officer, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for Fourth Amendment violations.[1] In his complaint, McLeod alleges that Stokes unreasonably prolonged an otherwise lawful traffic stop for an expired vehicle inspection sticker in order to question McLeod about illegal drugs, call for a K9 unit, and perform a "dog sniff" of his car. The district court granted Stokes's motion to dismiss the complaint for failure to state a claim, concluding that Stokes was entitled to qualified immunity because McLeod did not plausibly allege that Stokes was "dilatory" in issuing a citation for the expired sticker. App'x at 57. We assume the parties' familiarity with the underlying facts, the procedural

---

[1] McLeod also sued William Mickle, a U.S. Forest Service special agent. The district court dismissed the suit against Mickle for Mickle's lack of personal involvement, a ruling that McLeod does not challenge. We therefore treat the issue as abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to vacate and remand.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although we must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

The doctrine of qualified immunity insulates public officials from claims for damages "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Defore v. Premore*, 86 F.3d 48, 50 (2d Cir. 1996) (internal quotation marks omitted). The public official seeking its protection bears the burden of establishing its applicability. *Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013). Courts engage in a two-pronged inquiry to determine whether a public official is entitled to qualified immunity. We ask (1) whether "the officer's conduct violated a federal right," and, if so, (2) "whether the right in question was clearly established at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (alterations and internal quotation marks omitted). Courts may decide in their discretion in which order to consider these prongs. *Id*. at 656.

The Fourth Amendment "guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]'" *United States v. Gomez*, 877 F.3d 76, 85–86 (2d Cir. 2017) (quoting U.S. Const. amend. IV; first alteration in original).

3

Traffic stops constitute the "seizure" of a person within the meaning of the Fourth Amendment. *Id.* at 86. They must thus be reasonable. In the traffic stop context, reasonableness "requires that an officer making [the] stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *Id.*

Even when a stop is reasonable at its inception, it can violate the Fourth Amendment if it is "prolonged beyond the time reasonably required to complete that mission." *Id.* In *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), the Supreme Court considered whether a police officer unconstitutionally seized a motorist in violation of the Fourth Amendment where the officer pulled the motorist over for a traffic infraction, issued a written warning for that infraction, and then proceeded to hold the motorist for approximately five minutes more to allow for a dog sniff to be conducted. The Court ruled that the officer's conduct violated the Fourth Amendment because the dog sniff "measurably extend[ed]" the stop and was unrelated to the stop's "mission." *Id.* at 1615–16. "[A] police stop exceeding the time needed to handle the matter for which the stop was made," it advised, "violates the Constitution's shield against unreasonable seizures." *Id.* at 1612. While "[a]n officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop[,]. . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 1615. The Court emphasized that the "critical question" in this determination is simply "whether conducting the sniff prolongs—*i.e.*, adds time to—the stop"; it is *not* "whether the dog sniff occurs before or after the officer issues a ticket." *Id.* at 1616 (internal quotation marks omitted).

4

The sole issue on appeal is whether McLeod plausibly alleged that Stokes violated the Fourth Amendment by prolonging McLeod's traffic stop beyond the time necessary to issue a citation.[2] McLeod claims that his complaint so alleged, and that Stokes's purpose in prolonging the stop was to allow Stokes and other federal officers to question McLeod about illegal drugs and to conduct a dog sniff. The district court concluded, and Stokes argues on appeal, that McLeod failed to allege sufficient facts from which it could be inferred that Stokes was "dilatory" in issuing the citation. App'x at 57. On *de novo* review, however, we disagree with that characterization of the inquiry. The relevant inquiry is not whether Stokes was dilatory in writing a citation, but whether his pursuit of an unrelated investigation "prolonged" McLeod's roadside detention. *See Rodriguez*, 135 S. Ct. at 1615.

Here, McLeod alleges that, shortly after he was stopped and as soon as he conceded that his state inspection sticker was expired, Stokes repeatedly asked McLeod whether his car contained illegal drugs and requested permission to search McLeod's vehicle. McLeod further alleges that Stokes told him that, if McLeod refused to consent to a search, Stokes would call a K9 unit. When later during the stop McLeod asked two other officers at the scene whether he could leave, they replied (McLeod avers) that they were "waiting for the K9 unit." App'x at 8. Finally, McLeod asserts that he was not permitted to leave until after the K9 unit arrived on scene and the dog sniffed

---

[2] The district court did not address, and the parties did not brief, whether McLeod's Fourth Amendment right to be free of an unreasonably prolonged stop was "clearly established" at the time of the stop. *Rodriguez* was decided in April 2015, clearly establishing such a right well before Stokes stopped him in June 2016. *See also Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop."). We therefore conclude that the right at issue was "clearly established" when Stokes allegedly violated it.

5

his vehicle—approximately 35 to 40 minutes after he was first stopped. These allegations support a reasonable inference that Stokes prolonged the traffic stop beyond the time needed to issue a citation for McLeod's expired state inspection sticker and that he did so to pursue an unrelated investigation into whether McLeod was carrying illegal drugs in his vehicle. This inference supports McLeod's Fourth Amendment claim and defeats Stokes's motion to dismiss.

We have considered Stokes's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **VACATED** and the cause is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court